HARRIS ET AL. *v.* UNIVERSITY OF AKRON ET AL.

(No. 75-0208—Decided September 3, 1975.)

COURT OF CLAIMS.

*Mr. Michael A. Klemann* and *Mr. Frank W. Green*, for plaintiffs.
*Mr. William J. Brown*, attorney general, and *Mr. Steven L. Ball*, for defendants.

TROOP, J. The cause came on for hearing before this court on the morning of August 4, 1975, and at the close of the trial was taken under advisements upon the pleadings and the evidence.

The joint plaintiffs, Ernest Harris and Daniel Long, testified in support of their claim against the defendant University of Akron.

The plaintiffs allege "an agreement," made on or about March 2, 1974, with an agent of defendant Mr. Jack Horner.

The agreement, the evidence indicates, was oral. The plaintiffs allege that they "agreed to perform certain services" for the defendants, the caption of the complaint indicating as defendants, the University of Akron and its president.

Two documents were admitted into evidence, marked defendants' Exhibits I and II. They are agreements, typed on stationary indicating relationship to the performing arts, signed by the director of the Summar Musical Theater. The text of the letter shows that the agreement involves the Department of Speech and Theater Arts, of the University of Akron, Akron, Ohio.

Both agreements are dated March 26, 1974. One of them, defendants' Exhibit II, agrees to pay Ernest Harris, the sum of $2,000, for services, "as required as Production Designer for three musicals; The King and I, Oklahoma, and Pal Joey." The contract with Daniel Long is similar in form except that he is to receive $1,500 for services as "Art Director" for the same three musicals.

Compensation was paid as agreed for services performed as to the named musicals performed in the Edwin J. Thomas Performing Arts Hall of the University of Akron.

These defendants allege an *oral* agreement with the University of Akron for extra compensation for services to be performed in connection with the production of "Pal Joey" to be performed upon the stage, not of the University, but of some unnamed unidentified location in Las Vegas, Nevada.

The plaintiffs claim additional services performed at home base, and in New York, in response to that oral agreement said to have been made with one Jack Horner.

Details as to the oral contract are somewhat vague as to the time of its creation and of essential details. Evidence as to the place of its creation indicates either at the Jack Horner restaurant or in the pit of the theater. The date of the transaction escaped the memory of both Mr. Harris and Mr. Long.

One basic fact emerges from plaintiffs' testimony and that is that the contemplated trip to Las Vegas had nothing whatever to do with the University of Akron. That it was

speculative at best is indicated by Mr. Harris who said that any compensation available from the Las Vegas venture was intended to help the under compensation received from the University. He also indicated the speculatvie character of the venture by commenting that it depended upon whether we could "entice them to take us."

When Mr. Harris was cross-examined as to the relation between the oral agreements and the University, he replied that he had relied upon his personal relationship with Mr. Horner.

The plaintiff Mr. Long testified that early in April Mr. Horner found out about Las Vegas and offered "us" $2,000 to do the costumes. When asked for pertinent details as to the oral contract, Mr. Long said, "things were confusing and vague."

If there is any definite element in the oral contract it was that the plaintiffs were to be paid $2,000—from any fee received from a Las Vegas performance if such should materialize.

These plaintiffs name only the University of Akron and its president as parties defendant. Mr. Horner is not named. The burden of proof is upon the plaintiffs to establish by a preponderance of the evidence an oral contract to which the University was a party directly or by way of an agent with authority to act.

Ordinary good sense indicates that in this situation the University, in writing, contracted for services rendered in its summer theater program and that it was in no sense to be involved in a Las Vegas venture even if it did in fact know about it.

Reliance upon Mr. Horner as a long time acquaintance and processional friend falls far short of supplying evidence that the University of Akron was a party to the oral contract.

It is difficult to find an oral contract involving the defendant University, when one plaintiff admits that "things were confusing and vague."

The evidence produced by the plaintiffs themselves fails to establish by the necessary quantum that the defendant

University of Akron was a party to and liable under the alleged oral contract.

Judgment is for the University of Akron.

The complaint of the plaintiffs is dismissed at plaintiffs' costs.

*Complaint dismissed.*